UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD B. WHITFIELD,

        Plaintiff,

v.                                         Case No. 3:25-cv-920-MMH-SJH

J. BRADY, et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff, Reginald B. Whitfield, an inmate of the Florida penal system, is proceeding on a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1; Complaint). He also filed a request to proceed as a pauper (Doc. 2). In the Complaint, Whitfield raises claims stemming from his pretrial detention in the Putnam County Jail between March and April 2025. See Complaint at 4. He names the following individuals as Defendants: (1) J. Brady, Medical Supervisor; (2) C. Stagner, Medical Staff; (3) C. Owens, Medical Staff; and (4) Salgado, Medical Staff. Id. at 2-3.

    According to Whitfield, on March 14, 2025, he "wrote medical about having side-effects from one of the medications" he was taking. Id. at 6. He "experiment[ed]" with his medications to determine which medication was

causing his issues, and he determined it was "Truvada," which he takes for HIV. Id. He wrote to medical again on March 24, 2025, "telling them that the Truvada that their doctor prescribed for [him] was giving [him] side-effects," such as "insomnia, anxiety, and depression." Id. He requested a change in his prescription. Id. The following day, March 25, 2025, Defendant Brady told him "that the side-effects were not from the Truvada, and that was the only medication that [he] was going to be given." Id. at 7. That same day, Whitfield wrote to medical again "telling them that [he] knew for sure that it was the Truvada" and requested, among other things, that he be given the medications he was prescribed before his incarceration. Id. In response, Defendant Brady once more advised Whitfield that the Truvada was not responsible for his symptoms "and that the issue would no longer be addressed." Id. Defendant Brady further told Whitfield to wait for his next doctor appointment. Id. at 7-8.

Whitfield wrote another request to medical asking them "to please not let [him] die of aids here in the jail," and Defendant Stagner responded that the issue had already been addressed. Id. at 8. Whitfield advised medical "that they were on the verge of medical neglect, as well as medical malpractice." Id.

Whitfield quit taking the Truvada and has not been given another medication for his HIV. Id.[1]

On April 4, 2025, Defendant Brady responded to Whitfield's request, stating that Whitfield's "medical issues have been addressed, and nothing more would be done because [Whitfield] was non-compliant with two (2) of [his] prescribed medications." Id. at 9. Whitfield asserts that he was only "non-compliant with the Truvada, . . . which has left [him] with re-occurring side-effects that [he] continue[s] to struggle with on a daily and nightly basis." Id. He contends that "them denying to examine [him] by physical exam, or x-ray constitutes medical malpractice and shows improper diagnostic techniques." Id.

In the section of the Complaint addressing Whitfield's injuries, he lists: "negligent infliction of emotional distress" for which he is "taking medication." Id. at 10. He seeks monetary damages as relief. Id.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous,

---

[1] According to the website of the Florida Department of Corrections (FDOC), Whitfield was received into FDOC custody on April 23, 2025. See Corrections Offender Network, Florida Department of Corrections, available at https://pubapps.fdc.myflorida.com/OffenderSearch/search.aspx (last visited Sept. 16, 2025).

malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[2] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional

---

[2] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (alternation and internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 679. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Whitfield's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham, 654 F.3d at 1175. And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837,

839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, Whitfield's Complaint is due to be dismissed under this Court's screening obligation. Initially, the Court finds that all claims against Defendants Owens and Salgado are due to be dismissed because Whitfield fails to attribute any factual allegations to these two Defendants. Thus, he fails to state a plausible claim for relief against them.

With respect to the remaining Defendants, at the time of the alleged incidents, Whitfield was a pretrial detainee; thus, his claims arise under the Fourteenth Amendment instead of the Eighth Amendment. Nevertheless, Whitfield's Fourteenth Amendment claims are "'evaluated under the same standard as a prisoner's claim . . . under the Eighth Amendment.'" Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (quoting Dang ex rel. Dang v. Sheriff, Seminole Cnty. Fla., 871 F.3d 1272, 1279 (11th Cir. 2017)). As such,

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

the Court's discussion of Eighth Amendment law is equally applicable to Whitfield's Fourteenth Amendment claims.

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct. Swain v. Junior, 961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer, 511 U.S. at 834). As it relates to medical care, "the Supreme Court has held that prison officials violate the bar on cruel and unusual punishments when they display 'deliberate indifference to serious medical needs of prisoners.'" Keohane v. Fla. Dep't of Corr. Sec'y, 952 F.3d 1257, 1265 (11th Cir. 2020) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Specifically, the Eleventh Circuit has instructed that to establish liability on an Eighth Amendment deliberate indifference claim, the plaintiff must show:

> First . . . as a threshold matter, that he suffered a deprivation that was, "objectively, 'sufficiently serious.'" [Farmer, 511 U.S. at 834].

8

> Second, . . . that the defendant acted with "subjective recklessness as used in the criminal law," id. at 839, and to do so he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant "actually knew of a substantial risk to inmate health or safety," he "cannot be found liable under the Cruel and Unusual Punishments Clause" if he "responded reasonably to the risk." Id. at 844-45.

Wade v. McDade, 106 F.4th 1251, 1261 (11th Cir. 2024) (enumeration and emphasis omitted);[4] see Stalley v. Cumbie, 124 F.4th 1273, 1283 (11th Cir. 2024) (recognizing that to prevail on a deliberate indifference claim, a plaintiff must show that he suffered "an objectively serious medical need," and that the defendant acted with deliberate indifference to that need, meaning that the defendant "(1) had subjective knowledge of a risk of serious harm, (2) disregarded that risk, and (3) engaged in conduct that amounts to subjective recklessness" (internal quotation marks and citations omitted)).

---

[4] For decades, the Eleventh Circuit has described a "more than mere negligence" or "more than gross negligence" standard in determining whether an official acted with deliberate indifference to an inmate's serious medical need. Wade, 106 F.4th at 1255. In Wade, the Eleventh Circuit determined that those standards conflicted with the Supreme Court's decision in Farmer and clarified that courts in this circuit should apply the "subjective recklessness" standard "as used in the criminal law." Id. at 1253. The Court notes that the Honorable Adalberto Jordan wrote a concurrence to the majority's opinion in Wade, finding that to the extent prior Eleventh Circuit deliberate indifference cases are not inconsistent with Wade, "they should continue to be cited as binding precedent." Id. at 1265 (Jordan, J., concurring).

"As applied in the prison context, the deliberate-indifference standard sets an appropriately high bar." Swain, 961 F.3d at 1285. Importantly, medical treatment gives rise to a constitutional violation "only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Hoffer v. Sec'y, Fla. Dep't of Corr., 973 F.3d 1263, 1271 (11th Cir. 2020) (quotations omitted). Indeed, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Davidson v. Cannon, 474 U.S. 344, 348 (1986) ("As we held in Daniels, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Thus, a complaint that a medical provider has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotations and citation omitted).

Here, Whitfield's allegations fail to state a plausible deliberate indifference claim against Defendants Brady and Stagner. First, Whitfield sues each Defendant in his individual and official capacities, but Whitfield fails to state an official capacity claim. If an officer is sued under § 1983 in an official capacity, the claim is considered a claim against the entity for which the officer

is an agent. Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). Thus, suing Defendants Brady and Stagner in their official capacities is equivalent to suing their employer, but to do so, Whitfield must allege that a custom, policy, or practice of these Defendants' employer was the "moving force" behind any alleged constitutional violation. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978); see McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). He has not done so. Therefore, all official capacity claims are due to be dismissed.

Second, to the extent he raises a claim based on medical malpractice or negligence, neither arise to the level of a constitutional violation. See Ireland v. Prummell, 53 F.4th 1274, 1302 (11th Cir. 2022); Bingham, 654 F.3d at 1176. Therefore, any negligence-based claim fails to rise to the level of a constitutional violation and is due to be dismissed.

Third, the Eleventh Circuit has noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor." Bismark v. Fisher, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting Waldrop, 871 F.2d at 1033). Similarly, "'a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment.'" Hoffer v. Sec'y,

Fla. Dep't of Corr., 973 F.3d 1263, 1273 (11th Cir. 2020) (quoting Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991)). Whitfield's allegations stem from his disagreement with his medical professionals regarding his course of treatment. Such disagreement is insufficient to state a plausible claim for relief.

In light of the foregoing, this case will be dismissed without prejudice for Whitfield's failure to state a claim. Whitfield may refile his claims with factual allegations sufficient to support a claim for relief if he elects to do so. Notably, pro se litigants are subject to the same law and rules of court that govern other litigants who are represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

Accordingly, it is

**ORDERED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk of Court** shall send Whitfield a civil rights complaint form and an application to proceed in forma pauperis (prisoner filings) form. If Whitfield chooses to refile his claims, he may complete and file the appropriate

forms. He should not include this case number on any form, as the Clerk will assign a new case number upon receipt. In initiating such a case, Whitfield should either file a fully completed application to proceed in forma pauperis or pay the $405 filing fee.

   **DONE AND ORDERED** at Jacksonville, Florida, this 18th day of September, 2025.

*[Signature: Marcia Morales Howard]*
**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 9/16
c:
Reginald B. Whitfield, #750336